**MADISON (County) v LUKENS**

Ohio Appeals, 2nd Dist, Madison Co

No 144. Decided Nov 21, 1939

Crabbe & Tootle, London, and James F. Bell, Jr., London, for defendant-appellant.

D. H. Jackman, Prosecuting Attorney, London, for plaintiff-appellee.

## OPINION

**BY THE COURT:**

This is an appeal on questions of law from a judgment in favor of the plaintiff and against the defendant.

The petition instituted by the Prosecuting Attorney of Madison County in substance avers that the Bureau of Inspection and Supervision of Public Offices of Madison County, Ohio, for a period from September 16, 1937 to December 2, 1938, made a finding against the defendant as Coroner of said county in the following sums and for the following items:

| DATE | INDIGENT | WARRANT | ARTICLE | AMOUNT | TOTAL |
|---|---|---|---|---|---|
| 7- 8-38 | George Henry | 4820 | Casket & Box | $25.00 | $ 30.00 |
| 11-12-38 | " " | " | Clothing | 5.00 | |
| " | Ray Moreland | 7580 | Casket & Box | 25.00 | |
| " | " " | " | Clothing | 5.00 | |
| " | Theodore Painter | " | Casket & Box | 25.00 | |
| " | " " | " | Clothing | 5.00 | |
| " | William Sparks | " | Casket & Box | 25.00 | |
| " | " " | " | Clothing | 5.00 | 90.00 |
| 9-27-37 | Willie Drinkard | 8543 | Casket & Box | 25.00 | 25.00 |
| 11- 8-37 | Henry S. Corbit | 9221 | Casket & Box | 25.00 | 25.00 |

Grand Total $170.00

Judgment was prayed for the sum of $170.00 with interest and costs. To this petition defendant answered admitting the official capacity of the Prosecuting Attorney; that the Bureau of Inspection and Supervision of public offices filed their report with said Prosecuting Attorney of the examination of the said offices of Madison County, Ohio, covering the period mentioned in the petition and that the court made a finding against the defendant for the sum of money set out in the petition; denies that the defendant is indebted to the plaintiff in any sum whatever.

Further answering, defendant says that the Board of County Commissioners of said county and that the Superintendent of the County Home of said county engaged defendant's professional services for the preparation of the bodies of the persons, whose names are set forth in the petition, for burial

and to conduct the funerals for said deceased persons who were indigent inmates in the County Home; that in the preparation of said bodies for burial and for the conduct of their funerals, * * *, it was necessary to furnish a casket and box for each of said decedents and to furnish clothing for four of them whose names are set out. The defendant denies that he sold said caskets and boxes and clothing to the Madison County Home or to Madison County and denies that there was any profit to him for the same; that said caskets and boxes and clothing were expenses incident to the burial and funeral of said deceased persons.

To this answer the plaintiff filed a general demurrer which the court upon consideration sustained. Defendant electing to plead no further, judgment was entered for plaintiff in the sum prayed. From this judgment the appeal is prosecuted.

Counsel in their briefs and in oral argument assert that the answer is designed to raise the question whether or not in the transactions set forth in the petition wherein the defendant was paid the sum of $170.00 by Madison County there was a violation by defendant of §12910 GC. At the outset it is agreed by counsel that there was no illegal purpose or improper conduct intended or implied by the defendant in the transactions under consideration.

The pertinent portion of §12910 GC is as follows:

"Whoever, holding an office of trust or profit by election * * *. is interested in a contract for the purchase of property, supplies * * *, for use of the county, * * *. is guilty of a penal offense."

The demurrer searches the record and thereby we find that under warrant No. 4820 for the indigent, George Henry there was furnished a casket and box in the amount of $25.00 and clothing in the sum of $5.00, making the total of $30.00 and like charge for the same designated articles were made

in the instances of the burials of three other indigents, all paid for under warrant No. 7580 and warrants Nos. 8543 and 9221. The casket and box in each latter instance were paid for in the sum of $25.00.

The question for determination is whether or not the articles set forth in the warrants, namely, caskets, boxes and clothing were property purchased by the county under contract with the defendant.

Counsel for the defendant in a well prepared brief say that said articles were but incidentals to the performance of professional services which the law permits a coroner to perform and were not articles sold, that there was no sale as defined by §8381(2) GC in that the seller did not transfer the property and the goods to Madison County and that there was no agreement to transfer said property "for a consideration called a price" and finally that as the answer avers that the price paid by the plaintiff for the articles was their cost price to the defendant that there was no profit to him and that such profit is contemplated in the offense defined in §12910 GC.

It was stated in oral argument and in the briefs that the total charge made in the burial of each indigent was $50 but this appears neither in the petition nor the answer. The state of the pleadings would preclude a determination of the demurrer upon consideration of the total charge made for each funeral. Inasmuch, however, as no doubt it is the fact, we may observe in passing, that the charge of $25.00 for casket, box and clothing, being one-half of the total cost, is a substantial part thereof and would not be but an incidental charge.

It is our judgment that in no instance is the contention of the defendant supported by the facts appearing. The casket, box and clothing was property and the money paid by the county as representative of these articles was the purchase price for that property. It is obvious that the proportionate cost of a casket and clothing to the total cost of funeral expenses may vary widely.

Thus the cost of a casket, if of bronze, might be the major charge which would be made by the funeral director. On the other hand a very simple casket might be used and the professional services incident to embalming, preparation of the body, transportation and other charges might make the cost of the essentially professional services far in excess of the cost of the casket. However, in no situation which we can conceive can it properly be said that a casket, a box to contain it and clothing for the body are but incidentals to services which are contemplated in the burial of a deceased person. Their relationship to that which is furnished in a burial is not so trivial or inconsequential as to be considered but an incident to the total cost.

It is further claimed that the articles furnished were not for the use of the county. Technically they were employed for the use of the deceased persons but practically and within the concept of the statute they were used by Madison County to furnish that service which the county was authorized by law to provide. The defendant upon being paid for the articles transferred all his right and title thereto and could not be heard to say in the situation that they were not purchased for the use of the county.

Finally, it is urged that the defendant made no profit on the articles but furnished them to the county at the actual cost to him. This, of course, was commendable but under the statute does not absolve him from liability. The element of profit is not necessary to a violation of the section as has been specifically held by our Supreme Court in the two cases cited by the Prosecuting Attorney, **Doll v State, 45 Oh St 445** and **State v Moon, 124 Oh St 465.**

**Sec. 12910 GC,** no doubt, was enacted as a matter of public policy. In the very nature of things its enforcement may not at times result in the saving of money to the county in its purchases. On the contrary, it may in instances result in added cost to the county but the legislature has resolved all claims against the propriety of the law in its favor by its enactment. It is intended to prevent any undue advantage accruing to a public officer by reason of his office and to remove from him the temptation to benefit directly or indirectly from contracts with the political subdivision of which he is an officer.

The demurrer was properly sustained. The judgment will be affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.